**Teresita JAEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 76–2561.**

United States Court of Appeals, Third Circuit.

Argued Oct. 3, 1977.

Decided Oct. 21, 1977.

is evidence in the record from which the trial judge could reasonably have concluded that the burden was met.

Steven S. Mukamal, Barst & Mukamal, Edward L. Dubroff, Barst & Mukamal, New York City, for petitioner.

Philip Wilens, Chief Government Regulations and Labor Section Criminal Division, James P. Morris, Atty., Dept. of Justice, Washington, D.C., Chester J. Halicki, Atty., Criminal Division, Dept. of Justice, Washington, D.C., John E. Harris, Dept. of Justice, for respondent.

Before GIBBONS and WEIS, Circuit Judges, and MEANOR,* District Judge.

## OPINION OF THE COURT

PER CURIAM:

Teresita Jaen petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from an order of an Immigration Judge ordering her departure to the Philippines but granting the right of voluntary departure. She conceded deportability under 8 U.S.C. § 1251(a)(2), but contended that she should have been granted political asylum pursuant to 8 U.S.C. § 1253(h). The District Director, when informed of this contention, requested the views of the Office of Refugee and Migration Affairs, United States Department of State. That Department responded with a form letter indicating that she had not made a case that she is a refugee and that it knew of no reason why the Philippine Government would be interested in her. The District Director then afforded her an opportunity to respond to the material in the State Department letter adverse to her claim of refugee status. She showed nothing more than a strong preference for life in a country with institutions more democratic than those of her native Philippines. The Immigration Judge concluded that she had failed to carry the burden imposed by 8 C.F.R. § 242.17(c) of establishing that she would be persecuted if she returned to that country. The Board of Immigration Appeals affirmed the deportation order. It held:

> In reaching our conclusion we have not relied on a State Department letter addressed to the District Director which stated that there was no reason why the Philippine government would have an interest in the respondent.

Petitioner urges that we should set aside the deportation order because the Immigration Judge requested and received from the State Department its opinion on her refugee status. If the State Department had furnished information favorable to her claim, she would undoubtedly have wanted it considered. She was given ample opportunity to respond to its negative recommendation and to make her own case for entitlement to political asylum. The Board of Immigration Appeals decided the case on the record she made. We consider this Petition for Review, as well as several others which have been presented to us raising the identical contention, to be frivolous. *See Zamora v. Immigration and Naturalization Service,* 534 F.2d 1055, 1063 (2d Cir. 1976).

The Petition for Review will be denied and the order of the Board of Immigration Appeals affirmed.